IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JMAN2 ENTERPRISES, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Eric Vaughan | ) |
| | ) Cause No: _____ |
| Defendant. | ) |

## COMPLAINT

COME NOW Plaintiff JMAN2 Enterprises, L.L.C., by and through its undersigned counsel of record, and for its Complaint against Defendant Eric Vaughan, states as follows:

### THE PARTIES

1. JMAN2 Enterprises, L.L.C. ("Plaintiff") is a limited liability company, organized and existing under the laws of the State of Texas.

2. Eric Vaughan is an individual who resides at 353 Benton Avenue, Fairview, Texas 75069, where he may be served with process.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claim is brought under federal statute 15 U.S.C. §1125 and therefore presents a federal question.

4. This Court has personal jurisdiction over the parties because the claims arise out of Defendant's conduct within the State of Texas, specifically, Defendant's sale and marketing of goods bearing the trademark "Johnny Football." Defendant's place of business is located in the State of Texas and all transactions have been fulfilled in the State of Texas.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff is resident of this District and a substantial part of the events giving rise to this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

6. Johnny Manziel is a student-athlete at Texas A&M University. As a result of his achievements in the sport of intercollegiate football during the fall of 2012, Johnny Manziel was awarded the Heisman Trophy, the pre-eminent national honor presented to a college football player on an annual basis. During the 2012 college football season, Johnny Manziel became synonymous with the mark "Johnny Football." Johnny Manziel through his licensee Texas A&M University, has used the mark "Johnny Football" in interstate commerce with regard to marketing his services as an amateur athlete and with regard to the distribution of goods, namely t-shirts bearing the mark "Johnny Football."

7. On November 12, 2012, Plaintiff became aware of t-shirts being sold on the website www.keepcalmandjohnnyfootball.com bearing the trademark "Johnny Football." Prior to and after this date, Defendant has sold the t-shirts bearing the trademark "Johnny Football" on a shirt stating "Keep Calm and Johnny Football."

8. Plaintiff acquired the intellectual property rights of Johnny Manziel regarding the use of his name, nickname, image, picture, likeness, and trademark via an assignment from Johnny Manziel.

9. Based upon information and belief, Defendant has sold goods, namely shirts, bearing the mark "Johnny Football" at significant profit and continues to do so.

10. On November 12, 2012, Defendant was provided with a cease and desist request from Texas A&M University regarding the sale of said t-shirts.  On December 11, 2012, Defendant received a cease and desist request from Plaintiff regarding the sale of said t-shirts. Defendant has wholly failed and refused to discontinue sales of the t-shirts.  Plaintiff, by assignment, has a protectable interest in the trademark "Johnny Football" as well as all Johnny Manziel's right of publicity.  Defendant has willfully used and continues to use Plaintiff's property in the form of the mark "Johnny Football" with the intent of profiting from Johnny Manziel's name, nickname, image, picture, and likeness.

11. On February 2, 2013, Plaintiff filed an application with the United States Patent & Trademark Office seeking to register the mark "Johnny Football."  That application remains pending at this time.

## COUNT I – TRADEMARK INFRINGEMENT PURSUANT TO SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a))

12. Defendant has infringed on Plaintiff's common law trademark "Johnny Football" and unfairly competed with Plaintiff by the sale of t-shirts bearing the protected phrase "Johnny Football."  By its actions, Defendant has unfairly competed  through false designation of origin, false representation of sponsorship and affiliation, and infringement of Plaintiff's common law trademark in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

13. Defendant's actions were willfully intended to trade on the goodwill and reputation of Plaintiff.  Defendant knew of the publicity garnered by Johnny Manziel and

produced counterfeit goods in order to profit from the publicity associated with the trademark "Johnny Football." Said publicity was solely derivative of the athletic exploits of Johnny Manziel. Having been put on notice and requested to cease and desist from all use of the mark "Johnny Football" by both Texas A&M University and Johnny Manziel, Defendant continues to willfully promote and sell its counterfeit goods.

## COUNT II – TEXAS UNFAIR COMPETITION

### A.  Right of Publicity

14. Defendant has appropriated Johnny Manziel's image and placed it on t-shirts in the form of his nickname, "Johnny Football." Defendant has sold the t-shirts and marketed them based on the value of the image of Johnny Manziel which is derived from the efforts of Johnny Manziel. At no time did Johnny Manziel, his assignees, agents, or representatives grant any permission or consent to Defendant to use his name, nickname, image, picture, or likeness.

15. The image of Johnny Manziel has commercial value in the public arena due solely to the exploits of Johnny Manziel as an intercollegiate football player for Texas A&M University. The presence of the image of Johnny Manziel, in the form of the nickname, "Johnny Football," on the goods offered for sale by Defendant indicates that those goods are being sponsored or affiliated with Johnny Manziel. Defendant has used the image of Johnny Manziel for its commercial value.

16. Defendant has wrongfully benefited from his unlawful use of the image of Johnny Manziel in that he has made sales and garnered profits solely based on his unauthorized association with Johnny Manziel.

### B. Palming Off

17. "Johnny Football" is Johnny Manziel in the eyes of the consuming public. Any product bearing this moniker is associated with Johnny Manziel and implies his consent and endorsement of the product. Defendant seeks to trade upon the identification of his products with Johnny Manziel without having acquired any consent from Plaintiff.

18. Defendant has palmed off his t-shirts on the consumer by utilizing the protected trademark "Johnny Football" thus confusing the public as to the sponsorship and affiliation of the t-shirts.

### C. Misappropriation

19. The moniker "Johnny Football" has been earned by Johnny Manziel through his extensive time, labor, and skill demonstrated by his play for the Texas A&M University football team. The Heisman Trophy was awarded to Johnny Manziel in recognition of his extensive accomplishments in intercollegiate football.

20. Defendant has gained a free ride by selling t-shirts utilizing the protected trademark to sell merchandise based on the accomplishments and notoriety acquired by Johnny Manziel. Defendant's actions have damaged Plaintifff commercially by selling products based on commercial value owned exclusively by Plaintiff and depriving Plaintiff of the opportunity to preserve and realize the value associated with the protected trademark.

### DAMAGES

21. As a result of the Defendant's unlawful actions, Plaintiff seeks injunctive relief barring any further manufacture, marketing, or sale of t-shirts or any other goods bearing the mark "Johnny Football" or the image, picture, likeness, name, or nickname of Johnny Manziel. Further, Plaintiff seeks compensatory damages for the unlawful sale of goods in excess of the

jurisdictional limits of the Court.  As Defendant's actions were done knowingly and willfully, Plaintiff seeks exemplary damages.

22.     Plaintiff seeks an award of its attorney's fees as authorized by Section 35(a) of the Lanham Act (15 U.S.C. §1117(a)).  Defendant's infringement is willful and deliberate and therefore is an exceptional case justifying an award of Plaintiff's attorney's fees incurred in the prosecution of this complaint.

WHEREFORE, Plaintiff JMAN2 Enterprises, L.L.C. respectfully requests that Defendant be cited to appear and answer and, upon final trial, that Plaintiff have and recover from Defendant all damages, both compensatory and exemplary, attorneys' fees, pre-judgment and postjudgment interest, costs of court, injunctive relief, and all such other and further relief to which Plaintiff may prove itself justly entitled.

RESPECTFULLY SUBMITTED,

By_____
J. Bennett White
Texas Bar Card No. 21309800
Virgil J. Jordan
Texas Bar Card No. 24004728

J. BENNETT WHITE, P.C.
P.O. Box 6250
Tyler, Texas  75711
Telephone        903/597-4300
Telecopier       903/597-4330

ATTORNEYS FOR PLAINTIFF